IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **R.J. Future, LLC,** | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 6:24-cv-00113-ADA-DTG |
| | § | |
| | § | |
| **Allied Property and Casualty** | § | |
| **Insurance Company, et al.** | § | |
| Defendants | § | |

**REPORT AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation[1] is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Motion to Remand. ECF No. 5. Defendants opposed the Motion. ECF No. 6. No reply has been filed. The Court held an initial pretrial conference on May 30, 2024, at which all parties rested on their briefs and confirmed that a hearing was unnecessary. Following the conference, Plaintiff filed a Supplement to its Motion, and Defendant moved to

---

[1] In the Fifth Circuit, a motion for remand is a dispositive motion requiring a report and recommendation. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (joining the several other courts of appeals and holding that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

strike that Supplement. *See* ECF Nos. 23 & 24. Plaintiff has not responded to Defendant's motion to strike.

After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendants' Motion to Strike Plaitniff's Supplement (ECF No. 24) be **GRANTED** as unopposed and that Plaintiff's Motion to Remand (ECF No. 5) be **GRANTED**.

## I. BACKGROUND

This case arises from an insurance claim for damage to real property. Plaintiff owned real estate in downtown Waco that suffered wind and hail damage. ECF No. 5 at 1. Plaintiff purchased a property insurance policy from Defendants, with Defendant Pinnacle acting as the broker who sold the policy. *Id*. Plaintiff was in the process of selling the property when the loss occurred. *Id*. at 2. Defendants allegedly adjusted the claim and developed repair estimates while the property was under a sale contract. *Id*. The purchaser of the property elected to proceed with the purchase and receive any insurance proceeds. *Id*. at 2-3. Plaintiff contends that after the sale closed, Defendants wrongfully denied the claim, which prompted Plaintiff to file suit in state court. *Id*. at 3.

Once all defendants except Pinnacle Insurance Group, Inc. were served, Defendant Allied Property and Casualty Insurance Company removed the case. ECF No. 1 at 2. Defendant Allied contends that Defendant Pinnacle's consent to removal is unnecessary as it is allegedly improperly joined. *Id*. at 2, 5. Defendant Allied contends that Defendant Pinnacle is improperly joined because Plaintiff only alleges Defendant Pinnacle breached its contract with Plaintiff and those allegations are insufficient to survive a Rule 12(b)(6) analysis. *Id*. at 7-8.

## II.	ANALYSIS

For the Court to maintain diversity jurisdiction, Defendants must demonstrate that Defendant Pinnacle was improperly joined. The burden of proving improper joinder is a heavy one. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). Defendants must prove that there is no reasonable basis to believe Plaintiff might be able to recover from Defendant Pinnacle. *Id.* at 573. If the claims against Defendant Pinnacle would survive a Rule 12(b)(6) challenge, then Defendant Pinnacle was not improperly joined. *Id*. The Court may even conduct a summary factual inquiry if necessary to resolve the issue. *Id*. As part of this elevated burden, the Court is required to view all disputed issues of fact and law in Plaintiff's favor. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

Defendants read Plaintiff's state-court petition as asserting a breach of contract claim against Defendant Pinnacle. They note that the only claim asserted against "Defendants" collectively is a breach of contract claim. ECF No. 1 at 6. Defendant contends the petition's breach of contract claim fails to satisfy Rule 12(b)(6). The portion of the petition discussing that claim, according to Defendants, fails to identify a contract between Plaintiff and Defendant Pinnacle and fails to articulate actionable conduct against each Defendant. *Id*. at 7-8, ¶¶ 19-21; ECF No. 6 at 7, ¶ 12.. Those shortcomings allegedly prevent the petition from satisfying Rule 12(b)(6) for Defendant Pinnacle, which means it was improperly joined. ECF No. 1 at 8, ¶ 21; ECF No. 6 at 8.

Defendants read the remaining claims from Plaintiff's state petition to include state law claims against Defendant Allied only. ECF No. 6 at 7-8, ¶¶13-15. These other claims are specifically asserted against Defendant Allied, with no assertions against Defendants collectively. *Id*. at 8. Defendants also rely on a Texas Supreme Court case as a defense to any breach of duty

of good faith and fair dealing claims against Defendant Pinnacle. *Id*. at 7-8, ¶ 14 n. 37 (citing *Lowe v. Whitehead Cargo Consultants, LLC*, No. 4:09-CV-3570, 2011 WL 221871, 2011 U.S. Dist. LEXIS 5294, at *8 (S.D. Tex. Jan. 20, 2011), which in turn cites *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 697-98 (Tex 1994)). Finally, Defendants contend that Plaintiff failed to satisfy Rule 9(b)'s heightened pleading standard for its claims based on violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *Id*. at 4 n 18.

Plaintiff not surprisingly disagrees and contends that Defendant failed to satisfy its heavy burden to prove improper joinder. ECF No. 5 at 5. Plaintiff points to the in-state defendant—Defendant Pinnacle—as making removal improper. *Id*. at 1-2, & 5. Plaintiff also relies on the heavy burden required to prove improper joinder and the Court's obligation to construe any ambiguities in the Plaintiff's favor. *Id*. 4. Plaintiff also contends that its state court petition and the declaration attached to its motion to remand demonstrate at least a possibility of recovering against Defendant Pinnacle. *Id*. at 7.

Defendants' reliance on *Taj Properties* is not persuasive. *Taj Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, 2010 U.S. Dist. LEXIS 125357 (S.D. Tex. Nov. 29, 2010). Rather than assert claims against an insurance agent based on conduct unique to the agent, the plaintiff in *Taj* asserted claims against a non-diverse insurance adjuster based on conduct committed by the diverse defendants. *Id*. 2010 WL 4923473, at *3-4. There were no allegations of individual, specific conduct by the adjuster that gave rise to a claim. *Id*.; *see also Novelli v. Allstate Tex. Lloyd's*, No. H-11-1690, 2012 WL 949675, 2012 U.S. Dist. LEXIS 37418 (S.D. Tex. March 19, 2012) (denying an insured's motion to remand because the petition's allegations did not distinguish between conduct of the adjuster and the adjuster's company). In the present case, however, there are allegations of improper conduct and breach of duty that are unique and

specific to Defendant Pinnacle. ECF No. 1-1 at 9 of 14, ¶ 27; *see Leisure Life Senior Apt. Housing II, Ltd. v. Lloyd's of London*, No. H-09-3067, 20009 WL 3834407, 2009 U.S. Dist. LEXIS 105665 (S.D. Tex. Nov. 12, 2009) (finding joinder proper when plaintiff differentiated the conduct alleged against an adjuster and the insurance company).

The Court finds Plaintiff's allegations against Defendant Pinnacle to be sparse, but sufficient to state a claim. As noted by Defendants, the only paragraphs of the state-court petition that specifically reference Defendant Pinnacle are paragraphs 3, 10, and 27. *See* ECF No. 1-1 at 4-5, 6, and 9 of 14; ECF No. 6 at 6, n. 25. Paragraph 27 alleges that Defendant Pinnacle "was aware of Defendant Allied's unfair and inappropriate claims handling in the past and in the loss in question." ECF No. 6 at 6 (quoting paragraph 27 of the state petition). Plaintiff also alleges a duty owed by Defendant Pinnacle—"to inform Plaintiff of this propensity and to offer policies from companies other than Defendant Allied." *Id*. While Plaintiff did not specifically label this paragraph as asserting a cause of action, it includes the elements of one—duty and breach. As courts have noted that insurance agents owe two general duties to their customers and that under specific circumstances, might owe more duties, this Court cannot say that Plaintiff has no claim against Defendant Pinnacle. *See Penn-America Ins. Co. v. Zertuche*, 770 F. Supp. 2d 832, 844 (W.D. Tex. 2011) (describing the two standard duties and potential for additional duties owed by insurance agents). When all ambiguities are indulged in Plaintiff's favor, such allegations are sufficient to assert potential claims against Defendant Pinnacle. While Defendant Pinnacle might have defenses that defeat a claim, the availability of a defense does not prevent Defendant Pinnacle from being properly joined. *Smallwood*, 385 F.3d at 573 (holding that the purpose of the inquiry is to evaluate the propriety of the joinder, not the merits of the case).

Defendants base their arguments on an overly narrow and technical reading of Plaintiff's state-court petition. For example, Defendants argue that because the stated causes of action only incorporate paragraphs 6 through 21 the Court should ignore the allegations against Defendant Pinnacle in paragraph 27. ECF No. 6 at 5, ¶ 8. Such a hyper-technical reading of the state-court petition violates the Court's obligation to resolve ambiguities in Plaintiff's favor. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (noting that all ambiguities are resolved in favor of remand); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (noting that the burden of proving improper joinder is heavy and all contested facts or ambiguities of law must be resolved in the plaintiff's favor).

The Court also finds it unnecessary to rely on Plaintiff's Supplemental Evidence. While courts addressing a remand motion are permitted to look beyond pleadings to decide whether joinder is proper, they should do so sparingly. *Smallwood*, 385 F.3d at 573-574 (approving of summary inquiries into the facts, but encouraging courts to do so sparingly). Because the Court finds the allegations against Defendant Pinnacle in the state-court petition to be sufficient, it is unnecessary to consider the additional affidavit filed by Plaintiff. Additionally, Plaintiff did not respond to Defendant's Opposed Motion to Strike Plaintiff's Supplement (ECF No. 24). Local Rule CV-7(d)(2) cautions parties that un-responded to motions may be granted as unopposed. As such, the Court will **GRANT** Defendant's Opposed Motion to Strike. That does not change the outcome of the present Motion to Remand.

The Court finds Defendants failed to meet the high burden required to prove Defendant Pinnacle was improperly joined. With Defendant Pinnacle, there is a lack of diversity jurisdiction. Therefore, the undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED** and that the case be **REMANDED**.

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Plaintiff's Motion to Remand to State Court (ECF No. 5) be **GRANTED** and that the case be **REMANDED**.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 14th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE